**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MANUEL STEVEN GUARDADO,

    Petitioner,

vs.

NEVADA ATTORNEY GENERAL, et al.,

    Respondents.

3:10-CV-0103- LRH-RAM

**ORDER**

    This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Petitioner has filed a motion to proceed *in forma pauperis*. (Docket #5). However, petitioner paid the filing fee in this case on March 22, 2010. (Docket #7.) Accordingly, petitioner's motion to proceed *in forma pauperis* will be denied.

    Petitioner has filed a motion for appointment of counsel asserting that the issues in his case are complex and that he is unable to adequately represent himself. (Docket #6.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. It does not appear that counsel is justified in this instance. The motion for appointment of counsel will be denied.

On March 8, 2010, petitioner filed a motion to stay this action. (Docket #4.) Petitioner states that he has recently filed a motion to withdraw his guilty plea in the Nevada Second Judicial District Court, and that resolution of that motion may render the present petition moot. The Supreme Court has held that federal courts can abstain in cases that present a federal constitutional issue, but which can be mooted or altered by a state court determination. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813-14, 96 S.Ct. 1236, 1244 (1976); *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89, 79 S.Ct. 1060, 1063 (1959); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716-17, 116 S.Ct. 1712, 1721 (1996). In determining whether it should abstain, a federal court should consider problems which can occur when two courts assume jurisdiction over the same claim - the inconvenience of the federal forum, the avoidance of piecemeal litigation, and the order in which the parties filed the state and federal proceedings. *Colorado River*, 424 at 818-19, 96 S.Ct. at 1247.

As comity principles demand that this court provide the state court with the first opportunity to correct the state's own errors, *Rose*, 455 U.S. at 518, 102 S.Ct. at 1203), the court must consider that the claims raised here are currently on review at the Second Judicial District Court. Unlike the standard civil cases pending in both the federal courts and Nevada courts, the state of Nevada has a heightened interest in resolving a petition asserting an error in a Nevada criminal proceeding. The Second Judicial District Court is best situated to determine whether an error occurred in the proceeding and to fashion a remedy if relief is warranted. As such, abstention is mandated under habeas corpus comity principles and the traditional civil abstention doctrines. *See, Colorado River*, 424 at 818, 19, 96 S.Ct. at 1247. "[D]istrict courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under *Colorado River*." *Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1138 (9th Cir.1990). Accordingly, this federal action will be stayed.

///

1  **IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis*
2  (Docket #5) is **DENIED as moot**.
3  **IT IS FURTHER ORDERED** that the Clerk **SHALL FILE** the petition for a writ
4  of habeas. (Docket #1-2).
5  **IT IS FURTHER ORDERED** that petitioner's motion for leave to file a longer
6  than normal petition is **GRANTED**.  (Docket #1-1.)
7  **IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel
8  is **DENIED**.  (Docket #6.)
9  **IT IS FURTHER ORDERED** that petitioner's motion for a stay is **GRANTED**.
10  (Docket #4.)  Petitioner shall immediately inform this Court of the resolution of his motion
11  to withdraw his guilty plea, now pending in the Second Judicial District Court.
12  DATED this 26th day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE