# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL STEVEN GUARDADO,<br><br>    Petitioner,<br><br>vs.<br><br>NEVADA ATTORNEY GENERAL, *et al.,*<br><br>    Respondents. | 3:10-cv-00103-LRH-WGC<br><br>**ORDER** |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss. (ECF No. 15.) Petitioner has opposed the motion (ECF No. 26), and respondents have replied (ECF No. 27).

## I.     Procedural History and Background

On February 11, 2004, the State of Nevada filed an indictment in the Second Judicial District Court for the State of the Nevada charging petitioner, Manuel Steven Guardado, and his brother, Ernest Jord Guardado, with two counts of burglary; one count of possession of implements or tools adapted, designed or commonly used for commission of burglary; one count of first-degree arson; one count of conspiracy to commit first-degree arson; and three counts of possession of stolen property.  (Exhibits to Mot. to Dismiss Ex. 7, ECF No. 16.)[1]  At an entry of plea held on April 9, 2004, petitioner entered a plea of not guilty to all charges.  (*Id*. Ex. 16, ECF No. 17.)  On May 19, 2004, the State filed a notice of intent to have petitioner adjudicated a habitual criminal.  (*Id*. Ex. 19.)

---

[1] The exhibits referenced in this order are found in the court's record at ECF Nos. 16-22, which were filed with respondents' motion to dismiss.

Before trial, on September 15, 2004, petitioner appeared before the court and entered a plea of guilty to several charges pursuant to a plea agreement with the State. (*Id*. Ex. 31, ECF No. 18.) Under the agreement, petitioner agreed to plead guilty to two counts of burglary, one count of first-degree arson, and three counts of possession of stolen property. (*Id*. Ex. 32.) In exchange for petitioner's plea, the State agreed to dismiss the charges for possession of implements or tools adapted, designed or commonly used for commission of burglary and the charge for conspiracy to commit first-degree arson. (*Id*.) Additionally, the State agreed not to seek petitioner's adjudication as a habitual criminal. (*Id*.) On November 5, 2004, petitioner appeared before the court for sentencing. (*Id*. Ex. 33.) At the hearing, petitioner joined his brother's motion to withdraw their guilty pleas based on their belief that the guilty plea agreement allowed them to withdraw their pleas at any time. (*Id*.) The court denied the motion and proceeded with sentencing. (*Id*.) The court sentenced petitioner to consecutive terms of 48 to 120 months for each of the two burglary charges, a consecutive term of 72 to 180 months for the arson charge, and consecutive terms of 24 to 60 months for each of the three possession of stolen property charges. (*Id*. Ex. 34.) The court also ordered petitioner to pay restitution in the amount of $172,416.70. (*Id*.) The judgment of conviction issued November 5, 2004. (*Id*.)

Petitioner appealed his conviction to the Nevada Supreme Court. On appeal, in his fast track statement, petitioner argued that the district court committed error when it: (1) denied his pre-sentence motion to withdraw his guilty pleas; and (2) imposed an excessive sentence. (*Id*. Ex. 48, ECF No. 19.) On September 14, 2005, the Nevada Supreme Court affirmed petitioner's conviction. (*Id*. Ex. 52.) Remittitur issued on September 14, 2005. (*Id*. Ex. 53.)

On October 12, 2005, petitioner, appearing *pro se*, filed a post-conviction petition and supplement to the petition in state court. (*Id*. Ex. 54, Ex. 60.) On January 9, 2008, the court appointed counsel to assist petitioner. (*Id*. Ex. 62, ECF No. 20.) Subsequently, petitioner filed a second supplemental petition for relief. (*Id*. Ex. 65.) After holding an evidentiary hearing, the district court denied the petition on October 8, 2008. (*Id*. Ex. 87, ECF No. 21.) Petitioner appealed the denial to the Nevada Supreme Court. (*Id*. Ex. 89.) Petitioner filed his fast track statement on January 9, 2009, arguing that: (1) the district court abused its discretion when it denied his claim asserting that trial counsel was ineffective for failing to investigate the validity of his guilty plea and for failing to move

to withdraw his guilty plea on the basis that it was not knowing, voluntary, and intelligent; and (2) the district court abused its discretion when it denied his claim asserting that trial counsel was ineffective for failing to investigate, confer with him about the case, and present defenses pertaining to his status as a guest at his brother's apartment. (*Id*. Ex. 103, ECF No. 22.) On February 3, 2010, the Nevada Supreme Court affirmed the district court's decision. (*Id*. Ex. 107.) Remittitur issued on March 3, 2010. (*Id.* Ex. 108.)

Petitioner dispatched his federal petition for writ of habeas corpus to this court on February 18, 2010. (ECF No. 9.) Respondents argue that the petition should be dismissed because petitioner failed to exhaust several grounds in the Nevada Supreme Court, several of his grounds are conclusory, and several of this grounds fail to state a claim. [2]

**II.    Discussion**

    **A. Exhaustion**

        <u>1.  Legal Standard</u>

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v.*

---

[2] Petitioner contends that respondents' motion to dismiss is not properly before the court because respondents were required to seek leave before filing a motion to dismiss. Petitioner is incorrect. This court authorized respondents to file an answer or "other response" to the petition. (ECF No. 11.) In the Ninth Circuit, the filing of a motion to dismiss is expressly authorized by Habeas Rule 4. Habeas Rule 4 Advisory Committee Notes, 1976 Adoption and 2004 Amendments; *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989).

*Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state caselaw that applies federal constitutional principles will suffice.  *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984)**.**

### 2.  Exhaustion Through Documents Attached to Appellate Brief

Petitioner argues that all grounds in his petition are exhausted because his original petition, supplemental petition, and second supplemental petition filed in the state district court were presented to the Nevada Supreme Court when he appealed the district court's denial of post-conviction relief. According to petitioner, because he attached his petition, supplemental petitions, and the district court's decision to his fast track statement, and the Nevada Supreme Court must have read all of these documents in order to conduct appellate review, he fairly presented all grounds to the Nevada Supreme Court.  Petitioner's argument fails for several reasons.

To exhaust a claim, a petitioner must have presented his federal, constitutional issue before the

4

highest available state court "within the four corners of his appellate briefing." *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). The state's highest court is "not required to comb the trial court's decision to discover [a] federal constitutional issue . . . ," nor is it "required to review the parties' trial court pleadings to see if it [can] discover for itself a federal, constitutional issue." *Id*.

In this case, petitioner only presented selected arguments in his fast track statement. Thus, only those issues "within the four corners" of his appellate briefing – the fast track statement – were presented to the Nevada Supreme Court. Additionally, even if petitioner had sought to incorporate by reference the arguments contained in his petition, supplemental petition, and second supplemental petition, such a practice is foreclosed by the Nevada Rules of Appellate Procedure. Under Nevada state practice, petitioner could not incorporate claims from materials in the appendix into the fast track statement even if counsel had attempted to do so, which he did not. Under Rule 28(e)(2) of the Nevada Rules of Appellate Procedure, parties may not incorporate briefs or memoranda filed in the state district court for argument on the merits of an appeal. Accordingly, in order to determine whether petitioner exhausted his claims, the court looks to the issues presented to the Nevada Supreme Court in the fast track statement presented on appeal from the denial of post-conviction relief and the fast track statement presented on direct appeal from petitioner's judgment of conviction.

### 3. Grounds One, Three, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen

In ground one, petitioner alleges that the trial court violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution when it failed to inform him during the guilty plea canvass that he could not later withdraw his guilty plea. In ground three, petitioner alleges that the trial court violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution when it accepted his guilty plea without conducting an examination with respect to the "package deal" concerning his brother and sister-in-law. In ground six, petitioner claims that his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution were violated when his trial counsel coerced him to plead guilty to first-degree arson and burglary even though the evidence was insufficient to support those charges. In ground seven, petitioner claims that the trial court violated his rights under the Fourth and Fourteenth Amendments to the United State Constitution by failing to inform him of the amount of restitution that could be imposed prior to

accepting his guilty plea.

Grounds eight through thirteen allege violations arising under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. In ground eight, petitioner argues the prosecution failed to present exculpatory evidence to the grand jury. In ground nine, petitioner alleges that his trial counsel was ineffective for failing to file a pretrial motion to dismiss the indictment. In ground ten, petitioner alleges that his appellate counsel on direct appeal was ineffective for failing to raise numerous arguments, including the violation of petitioner's rights during the grand jury proceedings. In ground eleven, petitioner alleges that his trial counsel was ineffective for failing to move to suppress the statements petitioner made on June 9, 2003. In ground twelve, petitioner alleges that his appellate counsel on direct appeal was ineffective for failing to properly investigate the circumstances surrounding his guilty plea and present those circumstances on direct appeal. In ground thirteen, petitioner alleges the cumulative errors of his counsel and state officials render his conviction and sentence invalid.

None of the above grounds were presented to the Nevada Supreme Court either on direct appeal or on appeal from the denial of post-conviction relief. Thus, grounds one, three, six, seven, eight, nine, ten, eleven, and thirteen are unexhausted.

**B. Conclusory Claims**

1. Legal Standard

In federal habeas petitions, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *Mayle v. Felix*, 545 U.S. 644, 649 (2005); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Conclusory allegations not supported by specific facts are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *Pro se* pleadings, however, must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2. Ground Two[3]

Respondents argue that ground two of the petition is inadequately plead and should be dismissed

---

[3] The court declines to address respondents' argument that grounds eight through twelve are conclusory at this time.

6

as conclusory. Respondents contend that this ground lacks the factual and legal specificity to support a claim that petitioner's trial counsel was ineffective. In ground two, petitioner alleges that his trial counsel was ineffective under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution because he: (1) failed to investigate prior to advising petitioner to plead guilty; and (2) failed to file suppression motions. Petitioner asserts that trial counsel met with him for the first time seven days prior to trial and that counsel had not done any work on his case prior to this meeting. Petitioner states that two days later counsel advised him to plead guilty even though she had very little time to conduct any investigation before giving this advice and had failed to review discovery documents disclosed by the state. Additionally, petitioner alleges that trial counsel was ineffective because she failed to file motions to suppress statements petitioner made to police. Petitioner claims that by the time counsel had met with him, the deadline for filing pretrial motions had passed. In sum, petitioner alleges that trial counsel's failure to prepare and investigate for trial constitutes ineffective assistance of counsel because she never intended to proceed to trial and advised petitioner to plead guilty to conceal her lack of preparation.

In liberally construing petitioner's allegations, the court concludes that ground two contains sufficient factual detail requiring disposition on the merits. Accordingly, respondents' motion to dismiss ground two as conclusory is denied. In their answer, respondents shall address the merits of ground two.

**C. Failure to State a Claim**

Respondents argue that grounds four, five, and seven fail to state claims to the extent they rely on the Fourth Amendment. Additionally, respondents argue that grounds two, four, eight, nine, ten, eleven, twelve, and thirteen fail to state claims to the extent they rely on the Eighth Amendment.

In response, petitioner states that he withdraws his Fourth and Eighth Amendment claims from grounds two, four, five, eight, nine, ten, eleven, twelve, and thirteen. In light of petitioner's position, the court dismisses these claims.

With respect to ground seven, the court concludes that it fails to state a claim to the extent it relies on the Fourth Amendment. In ground seven, petitioner claims that the trial court violated his rights under the Fourth and Fourteenth Amendments to the United State Constitution by failing to inform him of the amount of restitution that could be imposed prior to accepting his guilty plea. The Fourth

Amendment provides the right to be free from unreasonable searches and seizures. The substance of ground seven does not state a cognizable claim under the Fourth Amendment because it fails to allege that petitioner was subjected to an unreasonable search or seizure. Thus, the court dismisses the Fourth Amendment claim in ground seven.

**III. Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds that grounds one, three, six, seven, eight, nine, ten, eleven, twelve, and thirteen are unexhausted. Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

 1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

 2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

 3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).[4]

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

///

///

---

[4] The court notes that petitioner requests a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), in his opposition to respondents' motion to dismiss. Because petitioner must make a showing that "good cause" justifies a stay and abeyance under *Rhines*, the court denies petitioner's request without prejudice at this time so that he may tailor his argument for a stay, if he chooses to make one, to the unexhausted claims identified in this order.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition (ECF No. 15) is **GRANTED in part, and DENIED in part**, as follows:

1. The motion to dismiss ground two as conclusory is **DENIED.**

2. The motion to dismiss grounds eight through twelve as conclusory is **DENIED without prejudice.**

3. The motion to dismiss the Fourth and Eighth Amendment claims in grounds two, four, five, eight, nine, ten, eleven, twelve, and thirteen is **GRANTED**.  These claims are **DISMISSED.**

4. The motion to dismiss the Fourth Amendment claim in ground seven is **GRANTED.** This claim is **DISMISSED.**

5. The motion to dismiss grounds one, three, six, seven, eight, nine, ten, eleven, twelve, and thirteen as unexhausted is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

///

1     **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

    Dated this 9th day of September, 2011.

 

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE