1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                               **DISTRICT OF NEVADA**

8

9   MANUEL STEVEN GUARDADO,                )
                                           )
10              Petitioner,                )        3:10-cv-00103-LRH-WGC
                                           )
11  vs.                                    )
                                           )        **ORDER**
12  NEVADA ATTORNEY GENERAL, *et al.,*     )
                                           )
13              Respondents.               )
    _____   /

14

15          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a

16  state prisoner, is proceeding *pro se*.  Before the court is respondents' motion to dismiss.  (ECF No. 15.)

17  Petitioner has opposed the motion (ECF No. 26), and respondents have replied (ECF No. 27).

18  **I.      Procedural History and Background**

19          On February 11, 2004, the State of Nevada filed an indictment in the Second Judicial District

20  Court for the State of the Nevada charging petitioner, Manuel Steven Guardado, and his brother, Ernest

21  Jord Guardado, with two counts of burglary; one count of possession of implements or tools adapted,

22  designed or commonly used for commission of burglary; one count of first-degree arson; one count of

23  conspiracy to commit first-degree arson; and three counts of possession of stolen property.  (Exhibits

24  to Mot. to Dismiss Ex. 7, ECF No. 16.)[1]  At an entry of plea held on April 9, 2004, petitioner entered

25  a plea of not guilty to all charges.  (*Id*. Ex. 16, ECF No. 17.)  On May 19, 2004, the State filed a notice

26  of intent to have petitioner adjudicated a habitual criminal.  (*Id*. Ex. 19.)

27  _____

28          [1]   The exhibits referenced in this order are found in the court's record at ECF Nos. 16-22, which
    were filed with respondents' motion to dismiss.

1    Before trial, on September 15, 2004, petitioner appeared before the court and entered a plea of

2    guilty to several charges pursuant to a plea agreement with the State. (*Id*. Ex. 31, ECF No. 18.)  Under

3    the agreement, petitioner agreed to plead guilty to two counts of burglary, one count of first-degree

4    arson, and three counts of possession of stolen property. (*Id*. Ex. 32.)  In exchange for petitioner's plea,

5    the State agreed to dismiss the charges for possession of implements or tools adapted, designed or

6    commonly used for commission of burglary and the charge for conspiracy to commit first-degree arson.

7    (*Id*.)  Additionally, the State agreed not to seek petitioner's adjudication as a habitual criminal.  (*Id*.)

8    On November 5, 2004, petitioner appeared before the court for sentencing. (*Id*. Ex. 33.)  At the hearing,

9    petitioner joined his brother's motion to withdraw their guilty pleas based on their belief that the guilty

10   plea agreement allowed them to withdraw their pleas at any time.  (*Id*.)  The court denied the motion and

11   proceeded with sentencing.  (*Id*.)  The court sentenced petitioner to consecutive terms of 48 to 120

12   months for each of the two burglary charges, a consecutive term of 72 to 180 months for the arson

13   charge, and consecutive terms of 24 to 60 months for each of the three possession of stolen property

14   charges. (*Id*. Ex. 34.)  The court also ordered petitioner to pay restitution in the amount of $172,416.70.

15   (*Id*.)  The judgment of conviction issued November 5, 2004.  (*Id*.)

16      Petitioner appealed his conviction to the Nevada Supreme Court.  On appeal, in his fast track

17   statement, petitioner argued that the district court committed error when it: (1) denied his pre-sentence

18   motion to withdraw his guilty pleas; and (2) imposed an excessive sentence. (*Id*. Ex. 48, ECF No. 19.)

19   On September 14, 2005, the Nevada Supreme Court affirmed petitioner's conviction.  (*Id*. Ex. 52.)

20   Remittitur issued on September 14, 2005.  (*Id*. Ex. 53.)

21      On October 12, 2005, petitioner, appearing *pro se*, filed a post-conviction petition and

22   supplement to the petition in state court. (*Id*. Ex. 54, Ex. 60.)  On January 9, 2008, the court appointed

23   counsel to assist petitioner.  (*Id*. Ex. 62, ECF No. 20.)  Subsequently, petitioner filed a second

24   supplemental petition for relief.  (*Id*. Ex. 65.)  After holding an evidentiary hearing, the district court

25   denied the petition on October 8, 2008. (*Id*. Ex. 87, ECF No. 21.)   Petitioner appealed the denial to the

26   Nevada Supreme Court. (*Id*. Ex. 89.)  Petitioner filed his fast track statement on January 9, 2009,

27   arguing that: (1) the district court abused its discretion when it denied his claim asserting that trial

28   counsel was ineffective for failing to investigate the validity of his guilty plea and for failing to move

2

1  to withdraw his guilty plea on the basis that it was not knowing, voluntary, and intelligent; and (2) the

2  district court abused its discretion when it denied his claim asserting that trial counsel was ineffective

3  for failing to investigate, confer with him about the case, and present defenses pertaining to his status

4  as a guest at his brother's apartment. (*Id*. Ex. 103, ECF No. 22.) On February 3, 2010, the Nevada

5  Supreme Court affirmed the district court's decision. (*Id*. Ex. 107.) Remittitur issued on March 3, 2010.

6  (*Id.* Ex. 108.)

7      Petitioner dispatched his federal petition for writ of habeas corpus to this court on February 18,

8  2010. (ECF No. 9.) Respondents argue that the petition should be dismissed because petitioner failed

9  to exhaust several grounds in the Nevada Supreme Court, several of his grounds are conclusory, and

10  several of this grounds fail to state a claim. [2]

11  **II.    Discussion**

12      **A. Exhaustion**

13          1. Legal Standard

14      A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has

15  exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28

16  U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims

17  before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844

18  (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the

19  petitioner has given the highest available state court the opportunity to consider the claim through direct

20  appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004);

21  *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

22      A habeas petitioner must "present the state courts with the same claim he urges upon the federal

23  court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim,

24  not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v.*

25  _____

26      [2] Petitioner contends that respondents' motion to dismiss is not properly before the court because
respondents were required to seek leave before filing a motion to dismiss. Petitioner is incorrect. This
27  court authorized respondents to file an answer or "other response" to the petition. (ECF No. 11.) In the
Ninth Circuit, the filing of a motion to dismiss is expressly authorized by Habeas Rule 4. Habeas Rule
28  4 Advisory Committee Notes, 1976 Adoption and 2004 Amendments; *White v. Lewis*, 874 F.2d 599,
602-03 (9th Cir. 1989).

1   *Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).   To achieve

2   exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the

3   United States Constitution" and given the opportunity to correct alleged violations of the prisoner's

4   federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106

5   (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to

6   potential litigants: before you bring any claims to federal court, be sure that you first have taken each

7   one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S.

8   509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal

9   protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195

10  F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state caselaw that applies

11  federal constitutional principles will suffice.  *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003)

12  (en banc).

13       A claim is not exhausted unless the petitioner has presented to the state court the same operative

14  facts and legal theory upon which his federal habeas claim is based.  *Bland v. California Dept. Of*

15  *Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the

16  petitioner presents to the federal court facts or evidence which place the claim in a significantly different

17  posture than it was in the state courts, or where different facts are presented at the federal level to

18  support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v.*

19  *Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

20              2.  Exhaustion Through Documents Attached to Appellate Brief

21       Petitioner argues that all grounds in his petition are exhausted because his original petition,

22  supplemental petition, and second supplemental petition filed in the state district court were presented

23  to the Nevada Supreme Court when he appealed the district court's denial of post-conviction relief.

24  According to petitioner, because he attached his petition, supplemental petitions, and the district court's

25  decision to his fast track statement, and the Nevada Supreme Court must have read all of these

26  documents in order to conduct appellate review, he fairly presented all grounds to the Nevada Supreme

27  Court.  Petitioner's argument fails for several reasons.

28       To exhaust a claim, a petitioner must have presented his federal, constitutional issue before the

1   highest available state court "within the four corners of his appellate briefing." *Castillo v. McFadden*,

2   399 F.3d 993, 1000 (9th Cir. 2005).  The state's highest court is "not required to comb the trial court's

3   decision to discover [a] federal constitutional issue . . . ," nor is it "required to review the parties' trial

4   court pleadings to see if it [can] discover for itself a federal, constitutional issue." *Id*.

5        In this case, petitioner only presented selected arguments in his fast track statement.  Thus, only

6   those issues "within the four corners" of his appellate briefing – the fast track statement – were presented

7   to the Nevada Supreme Court.  Additionally, even if petitioner had sought to incorporate by reference

8   the arguments contained in his petition, supplemental petition, and second supplemental petition, such

9   a practice is foreclosed by the Nevada Rules of Appellate Procedure.  Under Nevada state practice,

10  petitioner could not incorporate claims from materials in the appendix into the fast track statement even

11  if counsel had attempted to do so, which he did not.  Under Rule 28(e)(2) of the Nevada Rules of

12  Appellate Procedure, parties may not incorporate briefs or memoranda filed in the state district court for

13  argument on the merits of an appeal.  Accordingly, in order to determine whether petitioner exhausted

14  his claims, the court looks to the issues presented to the Nevada Supreme Court in the fast track

15  statement presented on appeal from the denial of post-conviction relief and the fast track statement

16  presented on direct appeal from petitioner's judgment of conviction.

17                    3. Grounds One, Three, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen

18       In ground one, petitioner alleges that the trial court violated his rights under the Fifth and

19  Fourteenth Amendments to the United States Constitution when it failed to inform him during the guilty

20  plea canvass that he could not later withdraw his guilty plea.  In ground three, petitioner alleges that the

21  trial court violated his rights under the Fifth and Fourteenth Amendments to the United States

22  Constitution when it accepted his guilty plea without conducting an examination with respect to the

23  "package deal" concerning his brother and sister-in-law.  In ground six, petitioner claims that his right

24  to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States

25  Constitution were violated when his trial counsel coerced him to plead guilty to first-degree arson and

26  burglary even though the evidence was insufficient to support those charges.  In ground seven, petitioner

27  claims that the trial court violated his rights under the Fourth and Fourteenth Amendments to the United

28  State Constitution by failing to inform him of the amount of restitution that could be imposed prior to

1  accepting his guilty plea.

2      Grounds eight through thirteen allege violations arising under the Fifth, Sixth, Eighth, and

3  Fourteenth Amendments to the United States Constitution. In ground eight, petitioner argues the

4  prosecution failed to present exculpatory evidence to the grand jury. In ground nine, petitioner alleges

5  that his trial counsel was ineffective for failing to file a pretrial motion to dismiss the indictment. In

6  ground ten, petitioner alleges that his appellate counsel on direct appeal was ineffective for failing to

7  raise numerous arguments, including the violation of petitioner's rights during the grand jury

8  proceedings. In ground eleven, petitioner alleges that his trial counsel was ineffective for failing to move

9  to suppress the statements petitioner made on June 9, 2003. In ground twelve, petitioner alleges that his

10  appellate counsel on direct appeal was ineffective for failing to properly investigate the circumstances

11  surrounding his guilty plea and present those circumstances on direct appeal. In ground thirteen,

12  petitioner alleges the cumulative errors of his counsel and state officials render his conviction and

13  sentence invalid.

14      None of the above grounds were presented to the Nevada Supreme Court either on direct appeal

15  or on appeal from the denial of post-conviction relief. Thus, grounds one, three, six, seven, eight, nine,

16  ten, eleven, and thirteen are unexhausted.

17      **B. Conclusory Claims**

18          1. Legal Standard

19      In federal habeas petitions, notice pleading is not sufficient. Mere conclusions of violations of

20  federal rights without specifics do not state a basis for habeas corpus relief. *Mayle v. Felix*, 545 U.S.

21  644, 649 (2005); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Jones v. Gomez*, 66 F.3d 199,

22  205 (9th Cir. 1995). Conclusory allegations not supported by specific facts are subject to summary

23  dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *Pro se* pleadings, however, must be liberally

24  construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

25          2. Ground Two[3]

26      Respondents argue that ground two of the petition is inadequately plead and should be dismissed

27  _____

28      [3] The court declines to address respondents' argument that grounds eight through twelve are conclusory at this time.

6

1    as conclusory.  Respondents contend that this ground lacks the factual and legal specificity to support

2    a claim that petitioner's trial counsel was ineffective.  In ground two, petitioner alleges that his trial

3    counsel was ineffective under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States

4    Constitution because he: (1) failed to investigate prior to advising petitioner to plead guilty; and (2)

5    failed to file suppression motions.  Petitioner asserts that trial counsel met with him for the first time

6    seven days prior to trial and that counsel had not done any work on his case prior to this meeting.

7    Petitioner states that two days later counsel advised him to plead guilty even though she had very little

8    time to conduct any investigation before giving this advice and had failed to review discovery documents

9    disclosed by the state.  Additionally, petitioner alleges that trial counsel was ineffective because she

10   failed to file motions to suppress statements petitioner made to police.  Petitioner claims that by the time

11   counsel had met with him, the deadline for filing pretrial motions had passed.  In sum, petitioner alleges

12   that trial counsel's failure to prepare and investigate for trial constitutes ineffective assistance of counsel

13   because she never intended to proceed to trial and advised petitioner to plead guilty to conceal her lack

14   of preparation.

15          In liberally construing petitioner's allegations, the court concludes that ground two contains

16   sufficient factual detail requiring disposition on the merits.  Accordingly, respondents' motion to dismiss

17   ground two as conclusory is denied.  In their answer, respondents shall address the merits of ground two.

18          **C.  Failure to State a Claim**

19          Respondents argue that grounds four, five, and seven fail to state claims to the extent they rely

20   on the Fourth Amendment.  Additionally, respondents argue that grounds two, four, eight, nine, ten,

21   eleven, twelve, and thirteen fail to state claims to the extent they rely on the Eighth Amendment.

22          In response, petitioner states that he withdraws his Fourth and Eighth Amendment claims from

23   grounds two, four, five, eight, nine, ten, eleven, twelve, and thirteen.  In light of petitioner's position,

24   the court dismisses these claims.

25          With respect to ground seven, the court concludes that it fails to state a claim to the extent it

26   relies on the Fourth Amendment.  In ground seven, petitioner claims that the trial court violated his

27   rights under the Fourth and Fourteenth Amendments to the United State Constitution by failing to inform

28   him of the amount of restitution that could be imposed prior to accepting his guilty plea.  The Fourth

1   Amendment provides the right to be free from unreasonable searches and seizures.  The substance of

2   ground seven does not state a cognizable claim under the Fourth Amendment because it fails to allege

3   that petitioner was subjected to an unreasonable search or seizure.  Thus, the court dismisses the Fourth

4   Amendment claim in ground seven.

5   **III.  Petitioner's Options Regarding Unexhausted Claims**

6          A federal court may not entertain a habeas petition unless the petitioner has exhausted available

7   and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*, 455 U.S. 509,

8   510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to

9   dismissal.  *Id.*  In the instant case, the court finds that  grounds one, three, six, seven, eight, nine, ten,

10  eleven, twelve, and thirteen are unexhausted.  Because the court finds that the petition is a "mixed

11  petition," containing both exhausted and unexhausted claims, petitioner has these options:

12          1.      He may submit a sworn declaration voluntarily abandoning the unexhausted
                    claims in his federal habeas petition, and proceed only on the exhausted claims;
13
            2.      He may return to state court to exhaust his unexhausted claims, in which case his
14                  federal habeas petition will be denied without prejudice; or

15          3.      He may file a motion asking this court to stay and abey his exhausted federal
                    habeas claims while he returns to state court to exhaust his unexhausted claims.
16
*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315
17
    F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).[4]
18
            Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief
19
    from this court, will result in his federal habeas petition being dismissed.  Petitioner is advised to
20
    familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C.
21
    § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he
22
    makes regarding his petition.
23
    ///
24
    ///
25

26          [4] The court notes that petitioner requests a stay and abeyance under *Rhines v. Weber*, 544 U.S.
    269 (2005), in his opposition to respondents' motion to dismiss.  Because petitioner must make a
27  showing that "good cause" justifies a stay and abeyance under *Rhines*, the court denies petitioner's
    request without prejudice at this time so that he may tailor his argument for a stay, if he chooses to make
28  one, to the unexhausted claims identified in this order.

8

**IV.  Conclusion**

   **IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition (ECF No. 15) is **GRANTED in part, and DENIED in part**, as follows:

   1.  The motion to dismiss ground two as conclusory is **DENIED.**

   2.  The motion to dismiss grounds eight through twelve as conclusory is **DENIED without prejudice.**

   3.  The motion to dismiss the Fourth and Eighth Amendment claims in grounds two, four, five, eight, nine, ten, eleven, twelve, and thirteen is **GRANTED**.  These claims are **DISMISSED.**

   4.  The motion to dismiss the Fourth Amendment claim in ground seven is **GRANTED.** This claim is **DISMISSED.**

   5.  The motion to dismiss grounds one, three, six, seven, eight, nine, ten, eleven, twelve, and thirteen as unexhausted is **GRANTED.**

   **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

   **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

   **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

///

9

1

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time

2 permitted, this case may be dismissed.

3

4        Dated this 9th day of September, 2011.

5

6

7

                                _____
8                                LARRY R. HICKS
                                 UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28