# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MANUEL STEVEN GUARDADO,

  Petitioner,    3:10-cv-00103-LRH-WGC

vs.

            **ORDER**

NEVADA ATTORNEY GENERAL, *et al.,*

  Respondents.

---

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is petitioner's motion for stay and abeyance. (ECF No. 32.) Respondents have opposed the motion (ECF No. 33), and petitioner has replied (ECF No. 34). After a thorough review, the court grants the motion.

**I. Procedural History and Background**

On February 18, 2010, petitioner dispatched his federal petition for writ of habeas corpus to this court challenging his November 5, 2004 judgment of conviction in the Second Judicial District Court for the State of Nevada for two counts of burglary, one count of first-degree arson, and three counts of possession of stolen property pursuant to guilty pleas. On September 12, 2011, this court issued an order granting in part and denying in part respondents' motion to dismiss. (ECF No. 31.) The court concluded that while several grounds were exhausted, other grounds were unexhausted. (*Id*.) In his instant motion, petitioner moves for a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), in order to exhaust his unexhausted claims in state court.

///

**II.     Discussion**

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court held that a federal district court may stay a mixed petition—a petition containing both exhausted and unexhausted claims—in "limited circumstances," so that a petitioner may present his unexhausted claims to the state courts without losing his right to federal habeas review due to the one-year statute of limitations. *Rhines*, 544 U.S. at 273-75. Under *Rhines*, a district court may stay a mixed petition only if: (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. *Id.* at 278; *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008).

Because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") aims to encourage the finality of state court judgments and to encourage petitioners to seek relief from state courts in the first instance, a stay and abeyance is only available in "limited circumstances." *Rhines*, 544 U.S. at 276-77. Although the precise contours of "good cause" under *Rhines* have yet to be delineated, the Ninth Circuit Court of Appeals has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). On the other hand, the "good cause" requirement should not be interpreted in a manner that renders stay orders routine. *Wooten*, 540 F.3d at 1024. Thus, a mere impression by a petitioner that a claim was exhausted is not sufficient to establish good cause for a failure to exhaust, because if it were, "virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay." *Id.* (emphasis in original).

Here, petitioner argues that he informed his attorney of his wish to appeal his entire state post-conviction petition. However, petitioner states that despite his request, counsel only presented a limited number of issues on appeal. According to petitioner, counsel did not allow him any input in deciding which grounds to present on appeal. At bottom, petitioner is claiming that his post-conviction counsel interfered with his ability to present his petition in state court. Within the procedural default context, allegations of external interference with a petitioner's ability to present a claim may support a finding of cause excusing procedural default. *Manning v. Foster*, 224 F.3d 1129, 1135 (9th Cir. 2000) (holding that an attorney's interference with a petition due to a conflict of interest can support cause excusing a

procedural default). Unlike the petitioner in *Wooten*, who argued that he was "under the impression" that his counsel had included all issues on appeal, in this case, petitioner asserts that he specifically demanded that counsel raise all issues on appeal. The petitioner in *Wooten* sought to establish good cause based on his own lack of knowledge concerning the content of the briefing on appeal. By contrast, here, petitioner contends that counsel interfered with his overt efforts to ensure that certain claims were raised on appeal. Accordingly, the court concludes that petitioner has demonstrated good cause.

With respect to the requirement that a petitioner's unexhausted claims are potentially meritorious, the *Rhines* Court made a comparison cite to 28 U.S.C. § 2254(b)(2) with regard to this inquiry. *Rhines*, 544 U.S. at 277. The Ninth Circuit Court of Appeals has held that a district court may reject an unexhausted claim on the merits pursuant to § 2254(b)(2) "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In this case, the unexhausted claims in the petition clearly pass muster under this standard.

Finally, nothing in the record before the court shows that petitioner has engaged in dilatory litigation tactics. Therefore, after considering the *Rhines* factors, the court grants petitioner's motion for stay.[1]

**III. Request for the Appointment of Counsel**

In moving for a stay and abeyance, petitioner requests that this court appoint him counsel for his subsequent state court proceedings. There is no constitutional right to appointed counsel for a federal

---

[1] Respondents request that the court give an instruction to petitioner that he will be "granted one, and only one, opportunity" to return to state court to exhaust and that if he returns to federal court with any unexhausted claims, the court will dismiss the entire petition with prejudice. Respondents cite to *Slack v. McDaniel*, 529 U.S. 473, 489 (2000), to support this request. The petitioner in *Slack* conceded that such an instruction would be "appropriate" in the procedural context existent in that case. That context was one where a *pro se* petitioner had dismissed a prior mixed petition and then refiled in a new action after exhaustion. In *Slack*, the Supreme Court held that such a petition was not a successive petition. The Supreme Court referred to the above instruction as one, of many, possible protections outside of the successive petition rules against a petitioner simply filing a series of mixed petitions. *See Slack,* 529 U.S. at 488-89. Such an instruction would not serve any useful purpose in the present procedural context, particularly given the impact of the federal one-year limitation period. *Cf. Slack*, 529 U.S. at 478-79 (both the first federal petition in 1991 and the second petition in 1995 were filed prior to the effective date of AEDPA). Petitioner is now aware of the exhaustion requirement, and he is advised that there are few circumstances where this court would grant a request for a second stay. The court declines to give respondents' requested instruction. Rather, the court will consider how to address any additional unexhausted claims, and any circumstances leading to the presentation of such unexhausted claims, if and when such a situation is presented.

habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The claims in this case are not especially complex. Additionally, petitioner has shown that he is capable of presenting his claims and arguments in a relatively clear and organized fashion. Therefore, the court denies petitioner's request for the appointment of counsel.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (ECF No. 32) is **GRANTED**. This action is **STAYED** pending exhaustion of the unexhausted claims. Petitioner may move to reopen the matter following exhaustion of the claims, and any party otherwise may move to reopen the matter at any time and seek any relief appropriate under the circumstances.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner filing a state post-conviction petition or other appropriate proceeding in state court within **forty-five (45) days** from the entry of this order and returning to federal court with a motion to reopen within **forty-five (45) days** of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that petitioner's request for the appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk shall **ADMINISTRATIVELY CLOSE this action, until such time as the court grants a motion to reopen the matter.**

Dated this 22nd day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE