UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MANUEL STEVEN GUARDADO,<br><br>    Petitioner,<br>v.<br>NEVADA ATTORNEY GENERAL, et al.,<br><br>    Respondents. | Case No. 3:10-cv-00103-MMD-WGC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the amended petition (dkt. no. 48) and petitioner's renewed motion for the appointment of counsel (dkt. no. 52).

I. **PROCEDURAL HISTORY**

On February 11, 2004, the State of Nevada filed an indictment in the Second Judicial District Court for the State of the Nevada charging petitioner with two counts of burglary, one count of possession of burglary tools, one count of first-degree arson, one count of conspiracy to commit first-degree arson, and three counts of possession of stolen property. (Exh. 7.)[1] The State subsequently filed notice of its intent to have petitioner adjudicated a habitual criminal on May 19, 2004. (Exh. 19.)

Pursuant to a plea agreement, petitioner pled guilty to two counts of burglary, one count of first-degree arson, and three counts of possession of stolen property

---

[1] The exhibits referenced in this order are found in the Court's record at dkt. nos. 16-22 and 49.

(Exh. 32.) In exchange for petitioner's plea, the State agreed to dismiss the charges of conspiracy to commit first-degree arson, possession of burglary tools. (*Id.*) Additionally, the State agreed not to seek petitioner's adjudication as a habitual criminal. (*Id.*) On November 5, 2004, the state district court sentenced petitioner to two consecutive prison terms of 48 to 120 months for the two burglary charges, a consecutive term of 72 to 180 months for the arson charge, and consecutive terms of 24 to 60 months for the three possession of stolen property charges. (Exh. 33, at 15-16.) The judgment of conviction was filed on November 5, 2004. (Exh. 34.)

Petitioner appealed his conviction to the Nevada Supreme Court. (Exh. 37.) On August 18, 2005, the Nevada Supreme Court affirmed petitioner's conviction. (Exh. 52.) Remittitur issued on September 13, 2005. (Exh. 53.)

On October 12, 2005, petitioner filed a *pro se* post-conviction habeas petition in the state district court. (Exh. 54.) On December 26, 2006, petitioner filed a supplement to the petition. (Exh. 60.) On January 9, 2008, the state district court appointed counsel to assist petitioner. (Exh. 62.) Petitioner's counsel filed a second supplemental habeas petition on April 30, 2007. (Exh. 65.) After holding an evidentiary hearing, the state district court denied the petition by order filed October 8, 2008. (Exh. 87.) Petitioner appealed the denial to the Nevada Supreme Court. (Exh. 89.) On February 3, 2010, the Nevada Supreme Court affirmed the state district court's denial of the post-conviction habeas petition. (Exh. 107.) Remittitur issued on March 2, 2010. (Exh. 108.)

Petitioner dispatched his federal petition for writ of habeas corpus to this Court on February 18, 2010. (Dkt. no. 9, at p. 1, item 5.) Respondents moved to dismiss the petition. (Dkt. no. 15.) By order filed September 12, 2011, this Court granted respondents' motion in part, dismissing the Fourth and Eighth Amendment claims in Grounds 2, 4, 5, 8, 9, 10, 11, 12 and 13. (Dkt. no. 31.) The Court also ruled that Grounds 1, 3, 6, 7, 8, 9, 10, 11 and 13 of the petition were unexhausted; petitioner was given options for dealing with his unexhausted grounds. (*Id.*). Petitioner moved to stay this action so that he could return to state court to exhaust his grounds for relief. (Dkt.

no. 32.) On December 27, 2011, this Court granted petitioner's motion for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (Dkt. no. 35.)

Petitioner returned to state court and filed a second post-conviction habeas petition on February 3, 2012. (Exh. 116.) The state district court dismissed the petition on March 28, 2012. (Exh. 118.) Petitioner appealed the dismissal of his second state habeas petition to the Nevada Supreme Court. (Exh. 120.) On November 14, 2012, the Nevada Supreme Court issued an order affirming the state district court's dismissal of the second state habeas petition. (Exh. 131.) Remittitur issued on December 10, 2012. (Exh. 133.)

On December 13, 2012, petitioner filed a motion to lift the stay in this proceeding. (Dkt. no. 36.) Petitioner also filed a motion for the appointment of counsel, which this Court denied. (Dkt. nos. 37 & 38.) This Court granted petitioner's motion to reopen the case, and directed petitioner to file an amended petition within thirty days. (Dkt. no. 38.) Petitioner failed to file an amended petition within the allotted time period, and respondents filed a motion for an order requiring petitioner to show cause why the instant case should not be dismissed for failure to comply with the Court's order. (Dkt. no. 41.) Petitioner filed an amended petition on March 12, 2014, which raises eleven grounds for relief. (Dkt. no. 47.) Petitioner filed a motion for reconsideration of the Court's denial of his motion for the appointment of counsel, which the Court denied by order filed September 10, 2014. (Dkt. nos. 39 & 54.) Respondents have filed the instant motion to dismiss the amended petition. (Dkt. no. 48.) Petitioner filed a response to the motion to dismiss and a renewed motion for the appointment of counsel. (Dkt. nos. 51 & 52.)

## II.  PETITIONER'S RENEWED MOTION FOR COUNSEL

By order filed September 10, 2014, this Court denied petitioner's motion for reconsideration of the Court's denial of his motion for the appointment of counsel and denied his second motion for the appointment of counsel. (Dkt. no. 54.) Petitioner has filed his third motion for the appointment of counsel. (Dkt. no. 52.) There is no

constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). This Court denied petitioner's prior motions for the appointment of counsel. (Dkt. nos. 8, 38, 54.) Petitioner has presented nothing in the present motion that would persuade this Court to alter its prior decision denying the appointment of counsel. Petitioner's most recent motion for the appointment of counsel is denied.

### III.  RESPONDENTS' MOTION TO DISMISS

#### A.  Procedural Default Principles

Respondents argue that all grounds of the amended petition are procedurally barred. (Dkt. no. 48.) In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a state prisoner's failure to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman*, 501 U.S. at 731-32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for the denial of habeas corpus relief, the default may be excused only "if a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28

F.3d 1005, 1010 (9th Cir. 1994)); *see also King v. Lamarque,* 464 F.3d 963, 966-67 (9th Cir. 2006). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000); *see also Coleman*, 501 U.S. at 735 (there is no independent state ground for a state court's application of procedural bar when the court's reasoning rests primarily on federal law or is interwoven with federal law).

### B. Grounds 1, 3, 6, 7, 8, 9 and 10

In the order of September 12, 2011, this Court determined that Grounds 1, 3, 6, 7, 8, 9, 10, 11 and 13 of the original federal petition were unexhausted. (Dkt. no. 31.) Petitioner returned to state court and filed a second state habeas petition containing each of the thirteen grounds raised in the original federal petition. (Exh. 116.) The state district court ruled that the second state habeas petition was untimely pursuant to NRS § 34.726 and that there was no good cause for petitioner's delay. (Exh. 118.) The Nevada Supreme Court affirmed the dismissal of all claims in the second state habeas petition because the petition was untimely pursuant to NRS § 34.726(1) and successive pursuant to NRS § 34.810(2.) (Exh. 131.) The Nevada Supreme Court also ruled that petitioner failed to demonstrate cause and prejudice to overcome the procedural default. (*Id.*) The Ninth Circuit has held that the Nevada Supreme Court's application of the timeliness rule in NRS § 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996); *see Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth Circuit also has held that, at least in non-capital cases, application of the abuse of the writ rule of NRS § 34.810(2) is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

///

In the instant case, this Court finds that the Nevada Supreme Court's application of the procedural bars of NRS § 34.726(1) and NRS § 34.810(2) were independent and adequate grounds for the court's dismissal of petitioner's claims. The claims in petitioner's amended petition that correspond to the unexhausted grounds of the original petition are amended ground 1 (original ground 1), amended ground 3 (original ground 3), amended ground 6 (original ground 6), amended ground 7 (original ground 8), amended ground 8 (original ground 9), amended ground 9 (original ground 10), and amended ground 10 (original ground 11). *Compare* dkt. no. 47 (amended petition) *with* dkt. no. 9 (original petition). Because the Nevada Supreme Court rejected these claims on the basis of state procedural rules, the corresponding claims in the amended petition are procedurally defaulted. Grounds 1, 3, 6, 7, 8, 9 and 10 of the amended petition are procedurally barred from federal review and will be dismissed with prejudice unless petitioner can show cause and prejudice to excuse the procedural bar, or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice.

### C.     Grounds 2, 4 and 5

In his second state habeas petition, petitioner presented not only those claims that this Court determined were unexhausted in its order of September 12, 2011, but also claims challenging: (1) trial counsel's failure to file suppression motions and advising petitioner to plead guilty without performing investigations (which corresponds to ground 2 of the amended federal petition); (2) the validity of the plea agreement due to petitioner's alleged misunderstanding that the plea could be withdrawn (which corresponds to ground 4 of the amended federal petition); and (3) the validity of the plea agreement due to alleged coercion by trial counsel, the prosecutor, and police (which corresponds to ground 5 of the amended federal petition). (Exh. 116 and dkt. no. 47.) The Nevada Supreme Court affirmed the dismissal of all claims in the second state habeas petition because the petition was untimely pursuant to NRS § 34.726(1) and that petitioner failed to demonstrate cause and prejudice to overcome the procedural default. (Exh. 131.) The Nevada Supreme Court's application of the timeliness rule in

NRS § 34.726(1) is an independent and adequate state law ground for procedural default. *See Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996); *see Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002).

In this case, the Nevada Supreme Court's application of the procedural bar of NRS § 34.726(1) was an independent and adequate ground for the court's dismissal of petitioner's claims. Because the Nevada Supreme Court rejected these claims on the basis of state procedural rules, the corresponding claims in the amended petition are procedurally defaulted. Grounds 2, 4 and 5 of the amended federal petition are procedurally barred from federal review and will be dismissed with prejudice unless petitioner can show cause and prejudice to excuse the procedural bar, or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice.

### D. Cause and Prejudice/Fundamental Miscarriage of Justice

To overcome a claim that was procedurally defaulted in state court, a petitioner must establish either (1) cause for the default and prejudice attributable thereto or (2) that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted). To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477 U.S. at 496). To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McClesky v. Zant*, 499 U.S. 467, 497 (1991).

In his response to the motion to dismiss, petitioner has not addressed the issue of procedural default. Petitioner has not made a showing that this Court's failure to consider the procedurally defaulted claims will result in a fundamental miscarriage of justice. Petitioner also has not shown cause and prejudice to excuse the procedural

default, as he has not asserted any reason for his failure to timely raise all claims in his first state habeas petition. This Court finds that all grounds raised in the amended federal petition were procedurally defaulted in state court, and petitioner has failed to show either a fundamental miscarriage of justice, or cause and prejudice to excuse the procedural default. As such, all grounds of the amended petition are barred from review by this Court and will be dismissed with prejudice.

## IV.   CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

## V.   CONCLUSION

It is therefore ordered that petitioner's renewed motion for the appointment of counsel (dkt. no. 52) is denied.

It is further ordered that respondents' motion to dismiss (dkt. no. 48) the amended petition is granted.

It is further ordered that the amended petition is dismissed with prejudice as procedurally barred.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 5th day of February 2015

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE