UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MANUEL STEVEN GUARDADO,<br><br>                              Petitioner,<br>    v.<br>NEVADA ATTORNEY GENERAL, et al.,<br>                              Respondents. | Case No. 3:10-cv-00103-MMD-WGC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. By order filed February 5, 2015, the Court granted respondents' motion to dismiss this action. (Dkt. no. 56.) Judgment was entered on February 5, 2015. (Dkt. no. 57.) Petitioner has filed a motion to amend the judgment pursuant to Rule 60(b). (Dkt. no. 58.)

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion under Rule 60(b) must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Relief based on mistake, newly discovered evidence, or fraud must be sought within one year of final judgment. Fed. R. Civ. P. 60(c)(1).

Motions to reconsider are generally left to the discretion of the district court. *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001). A district court has discretion not to consider claims and issues that were not raised until a motion for reconsideration. *Hopkins v. Andaya*, 958 F.2d 881, 889 (9th Cir. 1992). Moreover, motions for reconsideration are not justified on the basis of new evidence which could have been discovered prior to the court's ruling. *Hagerman v. Yukon Energy Corp.*, 839 F.3d 407, 413-14 (8th Cir. 1988); *see also E.E.O.C. v. Foothills Title*, 956 F.2d 277 (10th Cir. 1992). Mere disagreement with an order is an insufficient basis for reconsideration. A motion for reconsideration should not be used to make new arguments or ask the Court to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

In his motion to amend the judgment, petitioner argues that Ground 2 of his amended petition should not have been dismissed as procedurally defaulted because it was presented and denied on the merits in his first state habeas proceeding. (Dkt. no. 58.) In Ground 2 of the amended petition, petitioner alleges that his trial counsel was ineffective for failing to file suppression motions and advising him to plead guilty without conducting a proper investigation. (Dkt. no. 47, at p. 5.) Respondents have filed a response to petitioner's motion, conceding that petitioner's argument has merit. (Dkt. no. 61.)

After finding that the original petition was mixed, with some exhausted claims and some unexhausted claims, this Court granted petitioner a stay to return to state court to present his unexhausted claims. (Dkt. no. 35.) Ground 2 of the petition was not among the claims the Court identified as unexhausted. (Dkt. no. 31.) When petitioner returned to state court, he filed a petition in which he asserted a claim similar to the claim presented in Ground 2. (Exh. 116.) The Nevada courts procedurally defaulted his entire petition, including a claim similar to the claim presented in Ground 2. (Exhs. 118 & 131.) In their motion to dismiss the amended petition, respondents argued that Ground 2 was procedurally defaulted, failing to acknowledge that the Nevada state courts originally

addressed Ground 2 on the merits in petitioner's first state habeas proceeding. (Dkt. no. 48; Exhs. 87 & 107.) This error was compounded by the fact that petitioner did not present specific arguments regarding Ground 2 in his opposition to the motion to dismiss the amended petition. (Dkt. no. 51.) This Court dismissed Ground 2 of the amended petition as procedurally defaulted. (Dkt. no. 56.)

Despite the fact that petitioner failed to raise his arguments regarding Ground 2 until his motion to amend the judgment, the Court finds that granting petitioner's motion serves the interests of justice. Because the Nevada state courts addressed Ground 2 of the amended petition on the merits, Ground 2 is not procedurally defaulted. Petitioner is entitled to have Ground 2 of the amended petition adjudicated on the merits. Due to the Court's mistake in finding Ground 2 procedurally defaulted, petitioner's motion to amend the judgment regarding Ground 2 of the amended petition is granted. The Court sets a briefing schedule for the filing of an answer and a reply addressing Ground 2 on the merits. Thereafter, the Court will consider Ground 2 on the merits.

It is therefore ordered that petitioner's motion to amend the judgment (dkt. no. 58) is granted.

It is further ordered that the Clerk of Court shall reopen this action.

It is further ordered that respondents shall file and serve an answer to Ground 2 of the amended petition within forty-five (45) days from the entry of this order. The answer shall include substantive argument on the merits of Ground 2 of the amended petition. No further motions to dismiss will be entertained.

It is further ordered that petitioner shall file and serve a reply to the answer, within forty-five (45) days after being served with the answer.

DATED THIS 14th day of September 2015

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE